UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NORMAN L. HORSLEY,

Plaintiff,

v.

KIMBERLY Y. HORSLEY, *et al.*,

Defendants.

Case No.: 3:25-cv-00561-MMD-CSD

ORDER

*Pro se* Plaintiff Norman L. Horsley filed a Complaint (ECF No. 1) entitled "Request for A Court Appointed Independent Trustee" in which he appears to request the court-ordered appointment of an independent trustee for the Shirley Packer Trust. (ECF No. 1 ("Complaint").) The Court directed Plaintiff to show cause as to why this action should not be dismissed for lack of subject-matter jurisdiction.[1] (ECF No. 18 ("OSC").) Based on Plaintiff's response (ECF No. 20 ("Response")), the Court finds it lacks subject-matter jurisdiction and will dismiss this action.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1. Because the Complaint does not assert any federal claim that gives rises to federal question jurisdiction, the Court would only have subject-matter jurisdiction based on diversity jurisdiction. To establish subject-matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties; and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Here, the parties are not diverse. Plaintiff

---

[1] *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.")

alleges he is a Nevada resident and citizen and that Defendants live in Nevada, Texas, and Colorado. (ECF No. 1 at 2.) In his Response, Plaintiff clarifies that "Two defendants reside in Nevada." (ECF No. 20 at 3.) Accordingly, the Court lacks diversity jurisdiction over this action.

It is therefore ordered that this action is dismissed without prejudice for lack of subject-matter jurisdiction.

It is further ordered that Plaintiff's motion for extension of time (ECF No. 10) is denied as moot.

The Clerk of Court is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 26th Day of March 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE